UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANH DUC NGUYEN,<br><br>                            Petitioner,<br><br>     v.<br><br>GEORGE WIGEN, et al.,<br><br>                            Respondents. | CASE NO. C10-302-RSL-JPD<br><br>REPORT AND<br>RECOMMENDATION |

I. INRODUCTION AND SUMMARY CONCLUSION

Anh Duc Nguyen ("petitioner") is a native and citizen of Vietnam who is being detained by the U.S. Immigration and Customs Enforcement ("ICE") pursuant to an order of removal that became final on December 9, 2009. (Dkt. No. 1, Ex. A.) On February 18, 2010, petitioner, proceeding pro se, filed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the constitutional and statutory authority of ICE to detain him any further due to the unlikelihood of his removal from the United States in the reasonably foreseeable future. (Dkt. No. 1.) Petitioner requests that he be released from custody pending his removal from the United States. *Id*. Respondents have filed a Return Memorandum and Motion to Dismiss, arguing that petitioner's detention is warranted because his removal is likely to occur in the reasonably foreseeable future. (Dkt. No. 11.)

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that respondents' motion to dismiss be GRANTED, and that this action be DISMISSED with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Vietnam who entered the United States on June 14, 2002, as a K2 immigrant child of a United States citizen's fiancé with authorization to remain in the country for a temporary period. (Administrative Record ("AR") at R112, L19-20.) Petitioner's mother and stepfather married but later divorced before petitioner could become a naturalized United States citizen. (AR L74-77, R29.) After petitioner's immigrant visa lapsed, ICE served him with a Notice to Appear, charging him with removability under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for having remained in the United States for a time longer than permitted. (AR L113-14.) Petitioner failed to appear for his master calendar hearing on July 2, 2008, and an Immigration Judge ("IJ") ordered him removed *in absentia*. (AR L101, L133.) On January 13, 2009, petitioner successfully reopened his removal proceedings and the IJ rescheduled a hearing for December 9, 2009. (AR L150-55, L204, 240.)

On November 10, 2009, petitioner was transferred to ICE custody from the Santa Clara County Jail in Santa Clara, California, where he had been serving an eight-month prison sentence for the conviction of three counts of possession of a controlled substance and one count of possession of controlled substance paraphernalia on February 13, 2009. (AR L216; Dkt. No. 11, Ex. B.) On December 9, 2009, the IJ ordered petitioner removed from the United States to Vietnam, and petitioner waived appeal of the IJ's decision. (AR L241.) Accordingly, petitioner's order of removal became administratively final on December 9, 2009, pursuant to INA § 101(a)(47)(B)(ii).

On December 21, 2009, ICE's San Francisco office requested a travel document for petitioner's removal from the Embassy of Vietnam. (AR R121.) On January 11, 2010, the San Francisco office requested assistance from ICE's Headquarters Travel Document Unit ("HQTDU") in Washington, D.C., to follow up with the December 21, 2009, request. (Dkt. No. 11, Ex. A.) On January 30, 2010, petitioner was transferred from an ICE-contracted detention facility in San Francisco, California, to the Northwest Detention Center in Tacoma, Washington. (Dkt. No. 11, Ex. A.) On March 3, 2010, ICE's Seattle office discovered that the January request had not been sent to HQTDU. (Dkt. No. 11, Ex. A.) Accordingly, on March 28, 2010, ICE resubmitted a travel document request to HQTDU to be forwarded to the Embassy of Vietnam. *Id*. HQTDU informed ICE's Seattle office that issuance of any travel document for petitioner "would be many months away." (Dkt. No. 11, Ex. B at 5.)

On or about March 8, 2010, ICE Deportation Officer Michael Gutierrez completed a Post Order Custody Review of petitioner's case. (Dkt. No. 11, Ex. B.) Deportation Officer Gutierrez concluded that petitioner "appears to be neither a danger to the community nor a flight risk." *Id*. at 8. The deportation officer noted that although petitioner does have a criminal history, he has not been convicted of any crimes of violence. *Id*. In addition, he found that, if released, petitioner will have a home, an opportunity to work, and will be on probation with an assigned probation officer in San Jose, California until 2012. *Id*. Deportation Officer Gutierrez recommended that petitioner be released because the Embassy of Vietnam was several months away from issuing petitioner a travel document. *Id*. Notwithstanding the deportation officer's recommendation, on March 12, 2010, ICE Field Office Director A. Neil Clark denied petitioner release from custody, noting that "[t]here is an

REPORT AND RECOMMENDATION - 3

agreement in place with Vietnam and should be held to that agreement. [Petitioner] can also make efforts through his family for a [travel document]. Risk to Public." *Id*. at 10.

On February 18, 2010, petitioner filed the instant habeas petition, challenging his continued detention. (Dkt. No. 1.) On March 26, 2010, respondents filed a Return Memorandum and Motion to Dismiss, along with a Declaration from Deportation Officer Gutierrez. (Dkt. No. 11.) In his Declaration, Deportation Officer Gutierrez asserts that "as Petitioner's travel document request is moving forward, I now believe there is a significant likelihood that ICE will be able to remove him to his native country in the reasonably foreseeable future." (Dkt. No. 11, Ex. A.) Petitioner did not file a response.

### III.  DISCUSSION

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). During the removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Under Section 241(a)(6), the Attorney General may detain an alien beyond the 90-day removal period. INA § 241(a)(6), 8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 2505, 150 L. Ed. 2d 653 (2001), the Supreme Court considered whether the post-removal-period statute, INA § 241(a)(6), authorizes the government "to detain a removable alien *indefinitely* beyond the removal period or only for a period *reasonably necessary* to secure the alien's removal." *Zadvydas,* 533 U.S. at 682. The petitioners in *Zadvydas* could not be removed because no country would accept them. Thus, removal was "no longer practically attainable," and the period of detention at issue was

REPORT AND RECOMMENDATION - 4

"indefinite" and "potentially permanent." *Id.* at 690-91.  The Supreme Court held that INA § 241(a)(6), which permits detention of removable aliens beyond the 90-day removal period, does not permit "indefinite detention." *Id.* at 689-697.  The Court explained that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

The Supreme Court further held that detention remains presumptively valid for a period of six months. *Id.* at 701.  After this six-month period, an alien is eligible for conditional release upon demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.  The burden then shifts to the Government to respond with sufficient evidence to rebut that showing. *Id.* at 701.  The six-month presumption "does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

In this case, the presumptive six-month period in *Zadvydas* expired on or about June 9, 2010.  Consequently, petitioner has been in post-removal-period detention for a period exceeding six months, and his detention is no longer presumptively reasonable.  The Court must, therefore, determine whether petitioner has shown that "there is no significant likelihood of removal in the reasonably foreseeable future," and if so, whether the Government has responded with "evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  The Court finds that petitioner has failed to satisfy his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.

As petitioner recognizes, on January 22, 2008, the United States and Vietnam entered into a Memorandum of Understanding ("MOU") regarding the repatriation of Vietnamese

REPORT AND RECOMMENDATION - 5

citizens who have been ordered removed from the United States.  Under the MOU, Vietnamese citizens who entered the United States on or after July 12, 1995, are subject to return to Vietnam.  (Dkt. No. 1, Ex. B.)  As the Administrative Record shows, petitioner entered the United States on June 14, 2002.  (AR R112, L19-20.)  Thus, contrary to petitioner's contention, he is eligible for repatriation to Vietnam under the procedure set out in the MOU.  Moreover, the government is in the process of obtaining a travel document for petitioner's removal.  Based on the record, there is no indication that ICE will not be able to effectuate to effectuate petitioner's removal to Vietnam.  Accordingly, given the repatriation agreement, the efforts by ICE, and the lack of any barriers to prevent his removal, the Court finds that petitioner will be repatriated in the reasonably foreseeable future, and his detention is not indefinite.

However, as this Court previously determined in *Lun v. INS*, Case No. C02-0937L (W.D. Wash. Dec. 4, 2002), "[t]his conclusion does not end the analysis." *Id.* at 4.  Rather, the Court must also ask whether the continued detention comports with the basic purposes of the statute, "'namely, assuring the alien's presence at the moment of removal and protecting the community.'" *Id.* (quoting *Zadvydas*, 533 U.S. at 699).  "Thus, even where removal is reasonably foreseeable, the habeas court should consider the alien's flight risk and the risk he poses to the community to determine whether confinement during the reasonable removal period is justified." *Id.* (citing *Zadvydas*, 533 U.S. at 700).

The government argues that petitioner's detention is entirely lawful under 8 C.F.R. § 241.4 in light of petitioner's criminal history, his risk to the public, his risk of flight pending removal, and ICE's well-founded belief that a Vietnamese travel document will be issued in the reasonably foreseeable future.  (Dkt. No. 11 at 5, Ex. B at 10.)  Petitioner did not respond to the government's arguments.  The Court agrees that these facts support the government's decision to

continue petitioner's detention pending removal. Because petitioner's removal is reasonably foreseeable, ICE's determination that petitioner is a flight risk and a danger to the community justifies his continued detention.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss be GRANTED, and that this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 9th day of June, 2010.

*/s/ James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7